RECEIVED

APR 1 0 2013

EBORAH S. HUNT, Clerk

6th CIRCUIT FEDERAL COURT OF APPEALS
CINCINNATI, OHIO

SMITH, on behalf of J.M.S.          :          CASE NO. **13-3321**

             Plaintiff - Appellant          Originating **CASE 1:12-cv-648**

                                 :          **APPELLANTS' BRIEF**

          VS.

CITY OF CINCINNATI; CONNIE GALLAGHER; PATENT AND
TRADEMARKOFFICE; DIANE C. GOODWYN; ALESIA BROWN;
OFFICE OF PETITIONS; MARK LEVY
SCHOOL DISTRICT          :

      Defendants – Appellee

I.       Opening Statement

     a.   These matters should resolve in final determination to find wholly for Smith and with judgment Order by this Court on terms as offered to the benefit of only Smith:

         i.   That a <u>due process procedure</u> reformed and required by statute with supplemental jurisdiction to Smiths' apprehensions <u>was frivolously abandoned in error</u> by the District Court.

         ii.  <u>Joined</u> and affirmed by the November 1, 2012 Decree, the 6th Circuit of the Federal Court of Appeals findings upon review that included finding prior "de novo" review inadequate, superseded all determinations prior necessary on Smiths' citing of law or fact. Prior to November 1, 2012 as docketed in all federal actions, <u>Smith brought appropriate actions with safeguard</u> to Federal Rules of Civil Procedure explicitly aligned to the Constitution by notice

within his proper discretion, that is now unchallengeable basis for Order by this Court to be fully in favor of Smith.

iii.    November 10, 2012 Smith made proper <u>motion to trial in the District Court</u> notice available to be joined for the only appropriate challenge to Smiths' proper apprehension available to each and all Opposing Other Parties[1]. In free choice, all opposing of which were public agencies or surrogates of public agencies acting improperly in a prior civil capacity with Smith and which were properly joined in apprehension by Smith lay abandoned by the free choice of the Opposing Other Parties represented yet in abandonment of their right to challenge Smiths' facts and law in a trial. That trial opportunity was the only challenge available to the Opposing Other Parties each and all. They abandoned the opportunity for their due process including allowing the opportunity of trial to challenge Smith, and Smith was denied due process including by the absence of trial in District Court.

b.    As fact and law became substantive grounds absent trial or otherwise by abandonment of due process by the District Court, renders by their act or omission an Order to trial becomes improper and unable to restore due process to Smith now as any further delay would be frivolous delay (after Smith made appropriate notice of their opportunity or their obligation to file petition in counter-claims on November 10, 2012 , Smith was

---

[1] "Opposing Other Parties" are the bannered Defendants each and all of the two mandates of Case No. 13-3321, Jeffrey Smith v. City of Cincinnati, et al Originating Case No 1:12-cv-648 and of Case No. 13-3107, Jeffrey Smith v. Indian Hill Exempted Village, et al Originating Case No 1:10-cv-718. This brief is intended to address the common matters improperly separated by the error of the District Court Clerk and subject of motion to consolidate docketed in each of the Cases of the District Court yet to be corrected. All were referenced in violations cited by Smith and joined by the federal Court on or before August 24, 2012 in matters also addressed as Case No 11-4317.

Counsel Ian Smith was served in 2011 in these matters both in his capacity with the City and in his representation of Lee Geiger and Lindsey Cater. Without his objection (or any others until R.Gary Winters March 28, 2013), there is no basis for separation of dockets in the federal actions herein addressed.

motioning in good faith offering a pathway to trial for compliance by the Opposing Other Parties, or a notice to each and all as served that opposing parties must petition their claims to get a trial for their challenges). Irrefutable and irreparable was the denied due process of Smith in the District Court. Abandoned was the only forum left for the Opposing Other Parties to explain their violations of Smith. The foreclosure substantive was not of Smith, but of that only opportunity for challenge available to the Opposing Other Parties after the setback to their procedural posture by the November 1, 2012 review to Decree wholly in support of Smith. Order to a trial now is improper second challenge opportunity to the others and no pathway to the restoration of the due process of Smith given the violations in the District Court were in procedure necessary prior to a de novo review and the absence of which is irreparably dispositive against Smith.

i. These two mandates should bring final determination necessary now by preponderance of the evidence denied due process[2].

ii. Smiths' procedural posture consistently held that due process begins with the event of "taking" that in addition to property such taking includes Smiths' rights, privilege, or immunity as all to be considered were "un-severable".

iii. Smiths' actions in pursuit of apprehension of each and all of the Opposing Other Parties were appropriate on continuing frivolous delay of their responsibility of due process determination. Obstructed by improper actions of the Opposing Other Parties' improper including withholding of disclosures, frivolous delay was a fact on November 1, 2012 and now that fact is unchallengeable. April 2, 2012 was the earliest available for resolution of all matters of Smith because of the improper responses of the Opposing Other

---

[2] The motion to consolidate can be now considered moot as this brief in procedure and substance should not be suppressed and is intended to address the concerns of Smith included as common in violation of statute as briefed herein yet also joined as prior law or fact as addressed by the November 1, 2012 Decree. That Decree is unchallengeable now and governs the disposition advocated by Smith.

Parties including the City of Cincinnati threatening incarceration of Smith after seizing property properly the jurisdiction of these federal actions pre-eminent of Smith and improper in the harassments by criminal claims unmerited and improper in Municipal Court. Beyond the control of Smith, all delays after November 10, 2012 plus 21 days should be considered frivolous delay. Smith reserves the right to report in update to the Court.

iv. Their prior challenges were non-compliant including the lack of a valid disclosure of prior written record of Smiths' fully informed consent dated before a "taking". Such are disclosures necessary by statutorily reformed civil procedure available to all. While such procedure available renders the withholding of prosecution by a public agency to be frivolous delay, proper due process procedure provides judicial review of disclosures necessary before scheduling a search (including before discovery) or before scheduling a trial. While Smith believes this due process procedure more broadly applies in any civil or criminal due process because it is more closely aligned to the Constitution including the limits of the 10th Amendment of the U.S. Constitution, as Smith cited before joined by the November 1, 2012 Decree of the 6th Circuit of the Federal Court of Appeals, by statute and standing of Smith, the due process procedure[3] irrefutably applies whether recognized as supplemental jurisdiction for Smith or recognized for the judicial reform limiting improper judicial discretions more broadly available by equal protection included in the 14th Amendment and also to include convergence with limits of the 4th, 5th, and 10th Amendments of the U.S. Constitution.

---

[3] 34 C.F.R. Part 300 Subpart E including ~300.500 et seq, establishes **Responsibility of SEA and other public agencies** to procedures addressed by this brief and joined by Decree on November 1, 2012 of the 6th Circuit of the Federal Court of Appeals. See also 34 C.F.R. Part 300 Subpart A – General including ~300.9 et seq,; Part 300 ~300.116(a)(1), ~300.116(e), and 20 U.S.C 1414 et seq.; 34 C.F.R. Part 300 Subpart D including ~300.300 et seq.

c. Necessary by Decree[4] of the Court on return by mandates[5] joined "of fact or law", I seek action of the Court of Appeals on my mandates in this case:

    i. This appeal seeks final resolution wholly in favor of Smith on improperly separated matters[6] of which I am the only apprehending party because the other parties were negligent and frivolous. Consequently, malice need not be proven by Smith but rather is the burden improperly abandoned of the Opposing Other Parties before taking of Smith (irrefutably a "change to the status quo"). As the takings in fact joined by the November 1, 2012 Decree was un-appealed by the other parties and by timeline expiration after notice by Smith, such fact and the improper maneuver of law by others as cited by Smith are unchallengeable now. Whether becoming substantive grounds for review or whether due process violation obstructed substantive grounds for review, Smith is eligible for final determination now before the Court of Appeals. Due process rights of challenge opportunity for the others in challenge of fact or law expired after the offer of trial or notice of requirement for petition to get a trial was served by Smith on November 10, 2010 to each and all of the Opposing Other Parties represented . Such right to due process for them expired on December 1, 2012 or 21 days later when they failed to join the motion or failed to file a petition of counter claims against Smith.

---

; 34 C.F.R. Part 300 Subpart E including ~300.500 et seq and 20 U.S.C. 1415 et seq.

[4] The reference is to the case 11-4317 of this Court reviewed to Decree on November 1, 2012 and mandate returned to the District Court on November 13, 2012 after Smith made motion to trial in the District Court on November 10, 2012 as provided.

[5] Mandates of District Court cases 1:12-cv-648 and 1:10-cv-718 now before the Court of Appeals. Smith believes the consolidation attempts are now moot and it is sufficient to offer this brief identically in both mandates as basis for final determination in both dockets on all matters joining all of the parties determinable now on the issue of due process.

ii. This appeal seeks reversal of judgment made in error by the District Court on December 31, 2012 in the amount of $41k to the improper benefit of the School District et al because Smith was not negligent nor frivolous.

iii. This appeal seeks final resolution wholly against the Indian Hill Exempted Village School District et. Al. on mandate of Case No. 13-3107 with Decree of mandate Case No. 11-4317 governing.

iv. This appeal seeks final resolution wholly against the City of Cincinnati et. Al. on mandate of Case No. 13-3321 with Decree of mandate Case No. 11-4317 governing.

d. For efficiency of review and because it was not earlier available to be completed by events out of the control of Smith until April 3, 2012 as explained within, this Brief will be identical and served to all bannered in both cases now on mandates for comprehensive and appropriate but limited rebuttal opportunity by Opposing Other Parties (hereafter considered to be the consolidated list of the joined parties opposing Smith today in the two District Court Cases now on mandate to the 6th Circuit Federal Court of Appeals).

After November 1, 2012 Decree, the fact of Smiths' irreparable harm by act or omission of each and all Opposing Other Parties could only be challenged by trial. Trial was made available on Smiths' notice for procedure joined of law by the November 1, 2012 Decree. That procedure available by statute and un-severable to matters of Smith irrefutably applied to each and all Opposing Other Parties at all times before and after the fact of their taking was apprehended by Smith before November 1, 2012. The precedent of November 1, 2012 established the presumption of a due process procedure available prior to a "taking" and judgment on

---

[6] The error was by the District Court Clerk and motion for correction entered to all dockets in District Court by Smith were denied by the Court in error or by improper withholding in error of the District Court for determinations necessary.

grounds that such process available makes a failure to prosecute by others an irrefutable and unnecessary delay by rendering the dissociation of burden of proof [7] presumption of legacy civil procedure to be separated and determinable on fact of disclosure necessarily reviewable before de novo considerations. To no longer justify the withholding of prosecution by an agency lacking consent of another party (public or private) to their demands seeking "takings", to no longer render no discretion to the other party for withholding consent, or to commit the taking as affected these matters to be a violation of Smith by the Opposing Other Parties.

The absence of trial in any District Court docket and expiration of timelines for docket challenges or without challenges of the Decree left Smith irreparably harmed and eligible for his terms in redress "without regard to the amount in controversy"[8]. Now a trial will not have jurisdiction to challenge a fact or a law prior joined by Decree and would improperly delay necessary judgments and injunctions wholly in benefit properly of Smith.

e.  All matters and all parties are subject to the same issue of due process for determination of FAPE (Free Appropriate Public Education) for JMS and the denial of parental discretions by statute[9] necessary for compliance as briefed herein. Common elements to all include the services, support, or accommodation of JMS with her peers while she was classified to be with a disability. All should resolve now in favor of Smith on terms by offer of judgment sought now pursuant to Rule 68[10] before the Court of Appeals by final determination on the issue of due process.

---

[7] Shaffer v. Weast 2006, U.S. Supreme Court Decree.
[8] Ohio State Rule 3301-51-05(K)(17) et seq. and joined by Decree.
[9] Ohio State Rule 3301-51-05(K)(13)(a) et seq.
[10] Refer to September 25, 2012 docketed response by Smith on Order of Judge Dlott describing the basis for Smith to receive judgment and injunction pursuant to supplemental jurisdiction or the safeguarded mandate of Rule 68 as Smith is eligible being the prevailing party.

f.  This brief discusses short (including matters summarized above) and long perspective (summarized below) on the issue of due process in the absence of a trial in the District Court necessary for compliance with the opportunity to Smith afforded the November 1, 2012 Decree and limited by the absence of the necessary disclosures improperly withheld by the Opposing Other Parties.

The short perspective is that Smith is the only party in compliance with all disclosures yet also the only party denied due process to include District Court trial to a determination of all matters affecting FAPE for JMS (necessarily based on substantive grounds). Denied trial, the fact or law joined by the Court of Appeals in Decree on November 1, 2012 became substantive grounds absent trial and can be considered now for judgments wholly in favor of Smith on the proper compliant completion of apprehension found in the dockets of the District Court to be disclosed of each and all omissions of duty of the Opposing Other Parties.

g.  The longer historical perspective relates to the November 1, 2012 Decree of the 6th Circuit Federal Court of Appeals as landmark precedent governing, yet now unavailable for challenge by the Opposing Other Parties whose counsel each and all allowed timeline expiration after Smiths' notice by their free choice to render their clients' due process rights to expire without timely objection to the notice. Time was of the essence as decree of IHO L. Warner in the fall of 2008 administrative hearings now was appealed to civil court.

Smith believes the November 1, 2012 Decree was reversal of legacy overreach of judicial indiscretions progressively presumed systemically beginning sometime after the first proper anti-trust apprehensions addressing overreaching private trusts, corporations, and individual

discretion abuses of over a hundred years ago. Until these cases apprehended by Smith, the means to bring the Decree lay fallow. Smith properly supported the public interest by reasonable actions of apprehension already found Constitutional, allowed by explicit language of statute and governing Decrees of the U.S. Supreme Court including Shaffer v. Weast 2006 and Winkelman v. Parma City 2009, limiting to Smith only when prior disclosure was proper by the Opposing Other Parties (as fact joined, disclosure by Opposing Other Parties was fact withheld or improper by finding).

h.  This appeal seeks to bring final determination to all matters of all the Opposing Other Parties wholly in favor of Smith with judgment and injunction on offer of judgment terms mandated by exhaustion of judicial process pursuant to the Rule 68 of the Federal Rules of Civil Procedure supplemented by the jurisdiction of the Ohio and Federal regulations as safeguard to due process for Smith, improperly and substantively denied that due process to Smith without merit or fact by others, whether by others' misconduct or by others' all being improperly in obstruction to the admission of Smiths' preponderance of the evidence brought to meet standard for review in these matters. The City failed to exercise available federal pendant jurisdiction to bring its municipal claims improper against Smith to federal venue and Smith believes they should be without recourse after April 2, 2013. Protection and judgment as briefed herein are necessary now.

II.  Summary Discussion of the Facts (see the Memorandum-in-Support for details)

a.  The landmark November 1, 2012 Decree of this Court joined Smith allowing Smiths' reasonable actions subsequently seeking trial opportunity in the District Court for compliance by motion on November

10, 2012. Judge Dlott on December 31, 2012 by denying trial rendered Smiths' fact or law as joined by the Decree to become substantive grounds and rendered Smith the only prevailing party in all matters. The Opposing Other Parties all became jointly liable to Smith. This appeal was necessary also when Judge Dlott in error granted judgment to the School District in the approximate amount of $41k without valid fact or without merit.

b. November 1, 2012 Decree of the 6th Circuit Federal Court of Appeals was on timely petition for rehearing available as served by Smith to each and all Opposing Other Parties on notices of Smith explaining their opportunities for proper response prior to issuance of the Decree by the Court. Review was granted November 1, 2012 allowing Smith to move to trial in the District Court making rehearing then before the 6th Circuit Federal Court of Appeals properly denied as frivolous and unnecessary. It is necessary that review be granted final determination now. No other party established an apprehension against Smith in any of the matters or in any venue. No other party made objection to law or fact cited by Smith after November 1, 2012 and their representations before November 1, 2012 as moot were unavailable to be challenged by any Court except in trial including on the basis of their procedural deficiencies (judicial discretion to relieve these vanished on November 1, 2012). No prior review was explicitly joined November 1, 2012 rendering them moot and by the Decree joining only Smith, any prior review deemed "de novo" was necessarily found improper.

c. Smith is necessary of protection and suffered frivolous delay irreparable and suffering continuing improperly because JMS is still at risk with the School District et al continuing without compliance and without court order necessary for their deviations to the status quo. Educational opportunity for JMS remains unsupported.

d.  Smith is necessary of protection because the City et al failed to bring its claims and charges against Smith under the available federal pendant jurisdiction prior available to establish apprehension. Included fact on March 12, 2013, Judge Mock in Hamilton Municipal Court found that Smith and wife Melissa could not be brought to trial as such violating Smiths' 5th amendment rights by the City required a scheduling of return to the Court because of charges not dropped by the City, K.C. Foreman prior claimed on January 29, 2013 to speak for J. Powell knew or should have known the City pursuit of Smith became irrefutable harassment, not apprehension, and Smith properly anticipates, but cannot be assured of dismissal by Judge Mock on return to Municipal Court on April 23, 2013.

e.  The City has not restored Smith, the U.S.P.T.O. and M. Levy failed to register the patent referenced as "Tensile Barrier Sheath", and failed the City duty to medical benefit necessary to JMS with Children's Hospital duty that failed to resolve the premature discharge of JMS in 2012 as a pattern of abuse found in prior admissions including in 2011. There have been no served court orders for their acts, and their evasion of civil Tort Law[11] limits and precedent in unilateral takings of property or opportunity and imposing risks to their benefit includes improperly avoiding prior bonding of their claims by hiding necessary disclosures or their improperly evading the burden of proof necessary before, yet leaving unresolved their violations continuing against Smith intending irreparable harm by their delay and by their harassments.

III.    Memorandum-in-Support

---

[11] The City's outrageous overreach to make Smith liable cominally for the improper act of a tenant or even to presume a tenant is a servant of Smith or to presume Smith a master or otherwise controlling another private or public party is outrageous indifference to Tort Law precedents (See Master and Servant book preserved by electronic scanning by Google Books – circa 1800s). Exposing the fundamental fraud of a regulation that presumes consent to transform a Tort taking into a complaint evading a burden of proof by

This Brief was filed at the earliest available time and concludes non-frivolous actions by Smith in apprehension of each and all Opposing Other Parties in matters related to the support, services, and accommodation need as identified of JMS for the opportunity to be educated inclusively with her peers. Smith consistently identified cause and in pursuit of trial to bring his preponderance of evidence he has been violated of his due process rights, privilege, or immunity to which Smiths' offer of judgment terms concerning the amount in controversy can be now sustained in judgment and injunction wholly in favor of Smith and characterized of and by mandates un-diminishable by judicial discretion.

a. The only opportunity for the Opposing Other Parties (as represented all by their counsel) to challenge Smith in his apprehensions (as joined by Decree) expired when his November 10, 2012 motion for trial was not joined in District Court within 21 days by any of the Opposing Other Parties. Concluding by Judge Dlott on December 31, 2012 precluding the challenge opportunity offered to the Opposing Other Parties. They did not appeal. All intended to violate Smith in abandonment of due process duty yet the process as docketed foreclosed challenge of Smith improperly presuming judicial discretion to improperly abandon Smith (instead abandoning their only opportunity to challenge Smiths' terms, facts, or law foreclosing each and all of the Opposing Other Parties).

Fact joined with the November1, 2012 Decree became substantive grounds unchallengeable or due process denied irrefutable on December 1, 2012. By Decree joining notices of law, Smith irrefutably became the prevailing party by preponderance of the evidence, by denial of process to challenge that evidence, whether a burden of proof was met or needed to be determined, or whether a trial that was offered in District Court

Agency or any other civil party by ignoring necessary disclosure before considering "complaint" litigation exposes the judicial bias endemic today.

occurred, <u>or not</u> (as not was the condition supported by evidence admissible of the dockets – see motion to disclose the dockets by Smith). The foreclosure of due process they presumed was inflicted on Smith, in reality was foreclosure of their own due process rights to the only challenge to Smith remaining available to the Opposing Other Parties.

b.  By Decree joining Smiths' citation of law or fact including September 25, 2012 as docketed on September 25, 2012 unopposed by any of the Opposing Other Parties, Smith became eligible for Rule 68 redress by mandate un-diminishable.  Smiths' terms in offers of judgment and amendments were docketed prior by the Clerk of the Court.  Neither the Decree, nor Smiths' notices may be challenged by timeline expiration. Time was of the essence.

It is compliant and proper for Order by the 6th Circuit Federal Court of Appeals for Judgment now to be entered wholly in favor of Smith and to Order Judgment with Permanent Injunction on his terms.

It is also proper to now Order the reversal of the District Court judgment of approximately $41k for the School District.

c.  By joining Smith including the February 4, 2013 motion to corrective order in the District Court, the 6th Circuit Federal Court of Appeals should close the matters for the Record.  Such correction and the <u>decisions if wholly in favor to Smith</u> with benefit of judgment should render any <u>liability of the District Court judicial officers to become moot</u> pursuant to 42 U.S.C. 1983 without exception and by final determination pursuant to Ohio State Rule 3301-51-05(K)(17) et. seq. including (c)(iii) of the Rule applicable without safe harbor to all Parties referenced to include Opposing Other Parties all irrefutably in joint liability to Smith.

Pursuant to 34 C.F.R. Part 300 Subpart E ~300.500 et seq, 20 U.S.C. 1415 et seq, and 42 U.S.C. 1983 without exception are governing in these matters of Smith, note "Responsibility of SEA and other public agencies" apply for Opposing Other Parties each and all, for due process inclusive of safeguards. Opposing Other Parties all joined to these matters by Smith in apprehension are public agencies or surrogates by determinable facts believed to become substantive grounds were unchallenged absent opportunity untaken by Opposing Other Parties to a trial.

   i.  The Court would improperly harm Smith if it moved to trial or de novo trial Order or in any other way engaged or joined in more frivolous delay irreparable to Smith. Matters need not be sealed or secret. Smith believes a secrecy veil would obstruct the proper dissemination of precedent of these matters in the public interest. Such may require a witness protection measure of Smith if attorneys general prosecute any of the Opposing Other Parties or bring matters of criminal nature against any of the Opposing Other Parties before a grand jury. The dockets should be unavailable to harm Smith but available for any further apprehensions subsequently of the others.

   ii.  On terms of final judgment, the District Court should oversee the creation of an airport trust and the necessary financial closings or fore closings of encumbrance necessary to the dispensation of property including N79450, the Blue Ash Airport and real property associated with this action as encumbered. 1311 Lincoln Avenue, medical benefit restoration, the invention referenced as "Tensile Barrier Sheath" and also to assure asset attachments as necessary toward satisfaction of liability apportionment in survivable succession should assure satisfaction of the joint liability of each and all Opposing Other Parties and Orders should establish costs in redress as only for the benefit of Smith.

    iii. If appealed by the Opposing Other Parties all, appropriate bond amounts should be posted in addition to protections necessary for the Smith family.

IV.    Memorandum in Support – The Court of Appeals correctly took action in opportunity for Smith on November 1, 2012.

Smith seeks to clarify and not to challenge the November 1, 2012 Decree of the 6th Circuit federal Court of Appeals. As Smith stated in docket notices, there are no questions of fact or law after November 1, 2012. This brief is not intended to challenge that Decree.

Smith believes the Court of Appeals joined in providing Smith with court opportunity and did not support a dismissal with prejudice as was the procedural posture of the others. Also, the review was superseding all prior review on proper jurisdiction brought on Court of Appeals mandate by Smith returned to the District Court on November 13, 2012.

Smith returns mandate to the Court of Appeals on insurmountable barrier that made unnecessary delay and seeks proper and supported final determination now. The actions and omissions of the others were unreasonable and joined in error by the District Court.

a.    "Upon review we conclude that", by November 1, 2012 Decree that addressed Smiths' right to reconsideration of "the district court's judgment dismissing", clearly states that Smiths' right of appeal existed for such dismissal at least until October 31, 2012.

The District Court's den novo review was appealed by Smith to the Court of Appeals resulting in another non-compliant de novo review in the Court of Appeals dated August 10, 2012 recognized and corrected of the improper accommodation of Smith by the superseding November 1, 2012 Decree.

b. Case Manager Michelle Davis stated in notice dated November 1, 2012, "the order issued on October 30, 2012, is hereby withdrawn" , was action on cause that there were no grounds cited to sustain foreclosure of Smith's appeal.

The Court of Appeals acted on November 1, 2012 on continuing jurisdiction of Smith established in notices served and joining each and all Opposing Other Parties.  Finding only for Smith "upon review" and citing fact as well as law from that review except for not explicitly reversing "Smiths' motions" and "the district court's judgment (last paragraph located on page 3 of Clerks' entry August 10, 2012 ), and not making the August 10, 2012  "Order/Opinion", described in transmittal by Case Manager Michelle M. Davis, compliant.

c. For the enclosure dated November 1, 2012 signed "Clerk", Deborah S. Hunt, "upon review, we conclude that Smith has not cited any misapprehension of law or fact…", was determination of Smiths' appeal superseding all prior determinations.

d. From the enclosure… S. Hunt, "that warrants a rehearing" must be a statement sustaining action on compliance by Smith as stated prior (herein discussed in item above).

e. From Smiths' petition, it is not an option of the Court to foreclose opportunity for hearing to include trial for admissible evidence necessary to determinations including FAPE, or the necessary opportunity for other reason including rights to face accusers (those opposing that sought change or changed the status quo of JMS or Jeffrey in exclusion from decisions in improper denial of privilege).

f. As "Fed.R.App.P. 40(a)," was not attached in the enclosure, it cannot stand as basis for foreclosure of Smiths' appeal opportunity.

The "Enclosure Mandate to Issue" lacked service of the necessary attachment of Rule 34(j)(2)(C) if a rule of the Court unenclosed (privilege of Smith by statute is to have paper service) making also Smiths' petition for rehearing the action rendering August 10, 2012 as non-compliant

action to become reversed upon the November 1, 2012 finding that Smiths' apprehension to hold the Opposing Other Parties accountable for non-compliance was sustained. Since there was no (compliant) district court judgment on Smiths' citation of law disallowing any obstruction of trial by challenge, or on Smith citation of fact that the challenges made by the Opposing Other Parties were non-compliant, improper, or untimely, the August 10, 2012 "Order/Opinion" as and action was rendered moot. Also, electronic mail was used to exclude Smith in non-compliant opportunity for Smiths' due process.

g.  If "… 40(a)," was a local rule it was superseded by the prior decree "Smith has not cited any misapprehension of law or fact" joining Smiths' understanding of law or fact for all matters eligible for review, and "Upon review" (November 1, 2012), all matters and all Opposing Other Parties joined to federal action (on Smiths' notice to all and to all courts) are governed by the review sustaining to included Smiths' objection to banner omission that improperly remained uncorrected after Smiths' prior objections in both the federal district and appellate courts.

h.  From enclosure… S. Hunt, "Accordingly," references no basis to deny Smiths' appeal into the district court. To deny Smiths' petition for rehearing was proper only for the absence of objection by the Opposing Other Parties and for allowing Smith to motion the District Court for trial on November 10, 2012.

i.  On the absence of challenge by the Opposing Other Parties, Smiths' right to continue for due process was upheld by Decree on November 1, 2012. Smiths' motions do not need to be joined by the Courts to stand as notices and by prior written notices they stand with authority within the discretion of Smith regardless of determinations of a court.

Smith exhibited reasonable expectation and conduct including to anticipate an opportunity for compliance after the guidance at all times when prior written notice was received including May 5, 2011 when upon Magistrate Report citing "*res judicata*", Smith subsequently sought to join

all of the Opposing Other Parties irrefutably compliant in notices served and parties joined on August 24, 2012. Decree superseding and on notice applies to all after November 1, 2012.

j. The Court of Appeals joined only Smith and made the petition for rehearing unnecessary. Smith followed with a Motion to Trial in the District Court believed proper and non frivolous with notice believed to be know and understood by all Parties.

k. Only the Opposing Other Parties committed frivolous or non-compliant delays and as they are docketed and available for review by Smiths' Motion on cause of their violations, it is necessary for the Court of Appeals to resolve matters now solely on the issue of due process.

l. This brief stands as objection to Clerks' action unsupported to deny consolidation in consideration of matters of Smith before the Court of Appeals. The dockets show that all parties understood Smiths' procedural posture throughout and the mistake of the Clerk should be considered non-dispositive to the outcome favorable only to Smith.

V. Memorandum in Support - The District Court incorrectly decided the facts.

a. The facts used by the <u>District Court improperly disregarded prior Decree</u>. The only facts that can be considered now are the events uncovered on cause of the federal dockets after November 1, 2012 and the representations of fact and law by Smith made before November 1, 2012 should be sustained unchallengeable now by the other parties.

b. The facts, joined by November 1, 2012 Decree were <u>unchallengeable except in trial</u>. No trial transpired despite good faith notices by Smith and notice of alternative opportunity provided to Opposing Other Parties and absent counter claims on proper petitions by others presumed never filed or was without service to Smith necessary with a burden of proof borne by the Opposing Other Parties.

c. After Decree, only limited judicial discretion is available to <u>events docketed after November 1, 2012</u>. Subsequent review can no longer supersede events before November 13, 2012 and opportunity for trial for the challenge of facts and law by the Opposing Other Parties expired.

    i. Judicial discretion that was based on intra-branch separation in matters of authority of the Constitution normally governs civil actions yet cannot apply in matters of Smith after the November 1, 2012 Decree. However, Decree on November 1, 2012 joins the law cited only of Smith in apprehension to become inter-branch limit in discretion thereafter including on this review now made

within the Judiciary appellate and district courts and now ineligible for presumption of judicial discretions not prior provided in citation by Smith.

   ii.  Failures to object to their opportunities for trial (or their dismissal by Judge Dlott on December 31, 2012), Opposing Other Parties faced limited judicial discretion to vanquish them while being apprehended as cited by Smith. Instead of challenge, they **freely chose** to hide. Parties properly apprehended include lawyers and include the Administrative Hearing Officers joined of the State of Ohio Department of Education when they improperly presumed undue "judicial" discretions that improperly deviated from statute while not employed by the judicial branch of government. They remain to be missing the entitlement of judicial discretions improper that they improperly presumed but to which they were not entitled while in administrative due process hearing over Smith governed by statutory rules wholly within an executive or agency branch of government. Their improper acts and omissions[12] on no basis available to them yet they improperly in presumptions that they took of discretions judicially available in a civil action brought to a courtroom residing in the Judicial branch of government (important distinction ignored when considering due process for Smith) were unavailable in Administrative hearings. Smith cited and the Decree that joined such, limits such violations made under limited judicial discretion necessary and now mandatory in these matters after November 1, 2012.

   iii.  Expired opportunity for trial challenge should not delay final determination that is only favorable to Smith.

  d.  Opposing Other Parties who failed to challenge the Decree by appeal to a higher Court of law and absent a trial, are now limited to the challenge only of facts subsequent to The Decree:

     i.  The only apprehending party at any time was Smith. The City of Cincinnati was found by Municipal Judge Mock to have never been with valid apprehension at any time and by seizure of Smith's property at 1311 Lincoln Avenue without Court Order, the City should be understood to accept Smith's August 24, 2012 offer of judgment terms for the property or to be properly compelled to the terms by judgment of this Court. The improper seizure is irreparable and the facts sustain only judgment favoring Smith. Title where necessary to align with possession by the City et al can be signed over upon receipt of alternative relief of costs to Smith pending closing on terms of the offer of judgment by Smith on

---

[12] Ohio Rule 3301-51-05(K)(10)(c)(i)(b) of the Rule that requires a hearing officer that possesses knowledge of statutory rules. Ohio Rule 3301-51-05(K)(10)(c)(i)(c) of that Rule states accommodated hearing "appropriate" in protections of Smith including safeguards. Ohio Rule 3301-51-05(K)(11) et seq including (11)(b), additional disclosure. And all of Ohio Rule 3301-51-05 including (12), (13), (14), (15), (16), and (17) of that Rule.

August 24, 2012. City claims in response improper were considered by Smith to be threats by the City allowing no discretion for Smith to withhold consent. Threats to Smith were improper federal response by the City and improperly hidden by failure of the City to properly disclose in its challenge to jurisdiction of Smith properly available in only the Federal Court. Now the City is left in possession of Smiths' property by their act of seizure improper unless they consent to Smiths' terms as they were without a municipal court order or a federal court order or without any legitimate basis otherwise for the taking. The City has irrefutably changed the status quo and irrefutably denied due process to Smith. Only judgment on terms proper herein described to be on offer of judgment by Smith is available to a final determination now necessary that can be sustained compliant as described by this Brief.

ii. <u>The School District et al was found to be in violations</u> and <u>subjected to enforcement</u> by the U.S. Department of Education Office for Civil Rights (OCR) in 2008 and 2009 to include improperly giving answers invalidating testing to JMS and failure to meet requirements for posting local rules (found to be absent altogether on apprehension) to which the federal OCR agency deferred and the State of Ohio Department of Education deferred apprehensions to Smith for IDEA violations in private action ongoing and necessary pursuant to Section 504 of the Rehabilitation Act including for parallel violations (OCR investigated and found enforcement action also under Section 504 of the Rehabilitation Act) in administration of necessary local rules in violation of the Constitution and of federal regulations. Smith is eligible for redress for those violations in private action herein as well as complementary IDEA apprehension necessary in apprehension also being appealed herein. There is no settlement compliant of law or compliant in fact (as cited by Smith before November 1, 2012) and by Decree joining Smith in law or fact there is no controversy on pending apprehension jurisdiction for proceeding without prejudice. As the Decree was rendered, it left only the necessary offer of trial (made by Smith November 10, 2012 to each and to all by notice served by mail) to sustain now a final determination in favor of Smith for compliance violations of the others. By a higher Federal Court joining Smith by Decree, the District Court had no basis for discretions or delays after November 1, 2012 and none now on mandatory fulfillment duty in satisfaction of the joint liability of the Opposing Other Parties.

iii. The reason for returning mandate to the District Court on November 13, 2012 was irrefutably to allow opportunity to a trial opportunity benefitting the Opposing Other Parties each and all. Smith did so in good faith. Others did not elect to withdraw their

improper motions or offer their own petitions nor did they advocate accommodating conditions for trial as was their due process right. Failure of the Opposing Other Parties to object with compliant conditions for a trial within timeline of civil response available to them, Smith became irrefutably the only party denied opportunity for trial, and denied due process. The law and facts cited by Smith became substantive grounds meeting preponderance of evidence as the standard for review by statute cited by Smith, or Smith was denied due process.

iv.    Trial opportunity was available to the other parties and improperly withheld in harm of Smith. Making that opportunity available to the other parties a second time improper after the November 1, 2012 Decree imposed limits including statutory limited discretion - becomes dispositive discrimination against Smith. Judgment only to Smith became a proper final determination in the public interest on November 1, 2012 and neither properly not subject to subsequent judicial discretions in District Court, nor allowed discretion in Appellate Court now, nor subject to any motion to the court for delay of injunctions, nor any reductions of award. Trial was opportunity for challenge by the Opposing Other Parties yet they abandoned the opportunity.

v.    Smith's appeal was joined in entirety on November 1, 2012 irrefutable on Smith's apprehension position becoming substantive absent trial in the District Court. Any denial or any dismissal obstructing due process of Smith was always without merit in law and prejudice cannot be applied to deny hearing to a trial while in fact there was admissible issues in evidence of "support", of "services", or of "accommodation" involving each and all Opposing Other Parties in their capacities as Agency or surrogate of Agency or in a civil obligation with the Agency or government necessary for determination of FAPE for JMS. Claims of Smith of the three being first administratively challenged in hearing after August 15, 2008 or before October 15, 2010 or thereafter necessarily amended as response in merit of an opportunity for Smith to comply with Order or Decree (as was the case citing *"res judicata"* having never before confronted Smith with such terms, condition, or limit – compliance mandated allowance for amendment opportunity properly taken by Smith in 2011 representing properly all matters to court), and cannot now be limited as cost or being such "amount in controversy" as also cost proper and determinable of Smith.

vi.    The November 1, 2012 Decree did not close the avenue for Smith's due process necessary before judgment could be sustained. Presumption of such non prejudiced avenue to trial in existence as proper opportunity for the Opposing Other Parties became irrefutable after Smith's motion to trial was not challenged by any

party before or after the Court of Appeals in Decree November 1, 2012 on mandate transferred between federal Courts on November 13, 2012 (only a higher court challenge could then be sustained to halt Smith's proper pursuit of substantive determination). Conditions associated with the motion to trial included safeguards and determinations no longer within judicial discretion absent disclosures or petitions in prosecution necessary of the Opposing Other Parties (no challenge or opposition by Opposing Other Parties was served on paper mailed to Smith and are presumed absent of the dockets).

vii. That November 1, 2012 Decree limits judicial discretion of the District Court and now of the Appeals Court in bringing final determinations makes Smith appeal now necessary to bring judgment and injunction, supported by mandate, and proper by prior Decree.

VI.    Memorandum in Support - The District Court improperly applied procedure to hide or misrepresent civil disclosure required of others and thus obstructed the facts necessary to sustain Smith of rights of appeal. On "good and proper" cause joined by continuance Order by Judge Spiegel, Smith's motion for disclosure of federal dockets is reasonable.

a.  The District Court improperly applied (arbitrary or unsupported) horizon to the civil apprehension.

b.  The District Court improperly acted in disregard or neglected to demand or consider the lack of Opposing Other Party disclosures necessary before each and every of the Opposing Other Parties had improperly failed to demonstrate by their disclosures that they had: 1) exhausted administrative relief before taking, 2) exhausted civil relief before taking including before making presumption of a crime, 3) to verify that Tort Law and other civil protections by limits and duty were not being evaded by each of the Opposing Other Parties, and 4) to disclose their complete record of the mandatory informed consent by Smith.

c.  In matters of Smith, the District Court improperly remained in disregard of the necessity to establish the status quo and also sought to change it improperly by necessary disclosures improperly withheld by all the Other Opposing Parties and lacking the interlocutory determination of which party sought to change it before improperly limiting Smith or improperly limiting review of civil petition by Smith to matters of law (de novo review).

d.  Notice by Smith was properly entered to dockets sufficient, then to become improperly obstructed of due process included of improperly presuming that any of the Opposing Other Parties have a right to defense in hearing (they did not have) thus improperly placing a burden of proof or reliance only on "de novo" review, inadequate to assure due process necessary for Smiths' due process opportunity in hearing.

e.   Motion to Disclose the Dockets were provided to the Court of Appeals on cause of violation irrefutably making procedural questions available for review.

f.   Plaintiffs were improperly <u>disadvantaged</u> in dispositive determinations when the District Court was of limited judicial discretion.

g.   Defendants were improperly <u>advantaged</u> in dispositive determinations when the District Court was of limited judicial discretion.

h.   Improper judicial discretions (as was abused also by IHO and SLRO officials in prior administrative hearings) gave improper advantage to represented Opposing Other Parties and improper disadvantage dispositive against unrepresented Smith. Smith suffered for his proper unwillingness to consent without discretion. Frivolous delay by others of the reformed or safeguarded due process (that renders moot whether the party filing with a court has the disadvantage of a burden of proof, in the matter of Smith establishing frivolous damage by the delays that happened) rendered non-compliance in the presence of such reformed and safeguarded due process procedures available by statute and practice in the State of Ohio. The Opposing Other Parties withheld improperly the availability of such procedure before taking or upon discovery of the lack of consent by Smith the withholding of petition to a court with their burden of proof before embarking on the taking. Lawmakers intended to preclude such abuses of skewed injustice directed by the Opposing Other Parties improperly against Smith. Opposing Other Parties became liable to Smith in private actions herein[13].

The November 1, 2012 Court of Appeals Decree properly limited judicial discretion in District Court to the safeguarded due process yet was improperly ignored subsequently making frivolous delay improperly harming Smith[14].

VII.   Memorandum in Support - The District Court incorrectly applied the wrong law or improperly presumed judicial discretion not available after the Decree rendered moot the former separation of rules between Judicial v. Legislative v. Executive/Agency normally presumed to enable judicial discretions and not applicable for judicial safe harbor after the November 1, 2012 Decree joined Smith and Smith prior represented apprehension under safeguard in citing "law or fact". Note: IHO Warner, IHO Mosbacher, SLRO Bohlen with statutory duty to know IDEA and without merit to presumption or without judicial discretion wholly unavailable to them unrelated to their credential because administrative hearings took place wholly in a single branch of government were required to abide by approved rules yet failed to maintain compliance necessary rendering each to be without safe harbor or without immunity. By the absence of discharge of their duty including improper

---

[13] 42 U.S.C. 1983 without exception also applies to all Opposing Other Parties for declaratory relief (they made) unavailable to Smith and/or denial of a decree.

[14] 42 U.S.C. 1983 without exception also applies.

obstruction to a civil trial, each improperly denied due process to Smith in their silence on his notices.

a. The presumptive action in the District Court or the withholding of apprehension opportunity necessary to be available to Smith made declaratory relief unavailable in violation of 42 U.S.C. 1983 without exception. Improper consideration by the District Court improperly in disregard of the rights, privilege, or immunity of Smith without proper limits necessary for due discretion by Judges Dlott and Spiegel harmed Smith. The District Court improperly ignored their governing duty in due process and the necessary disclosure of non-dispositive options to Smith in the absence of representation. Additionally, the District Court improperly ignored or improperly allowed the taking in delays irreparable to Smith on fraudulent basis while Opposing Other Parties including the School District were withholding admissible evidence or disclosures necessary to due process. Additionally, the District Court improperly ignored before it improperly allowed others an improper sufficiency challenge of fact and improper challenge of jurisdiction of Smith (unavailable to them pursuant to the disclosure Smith made of his standing) making the threat of search of civil discovery of a trial to become improper Constitutional and Statutory violation of Smith.

   i. In matters of the School District et al, there was no school apprehension and thus no claim for which relief can be granted to the School District, nor can any judgment for the School District be sustained under Rule 68, nor any other basis provided in prior notice necessary by rule. The R. Gary Winters Motion dated August 22, 2012 was made in malice while the School District was not a prevailing party mandate was not returned to the District Court, and without basis to allege any frivolous actions by Smith. There were no frivolous actions found of Smith after review (determined on review November 1, 2012). The improper Motion by Mr. Winters was frivolous when filed, and frivolous when improperly granted in error by Judge Dlott on December 31, 2012. Alleged Settlement or General Release non-compliant by the School District et al to include May 4, 2010 was outside of judicial discretion of IHO Mosbacher to allow during Administrative Due Process Hearings and as misrepresentations of resolution fails to meet the requirements necessary fails as a settlement or release including by a contract recognized in the State of Ohio (determined on review November 1, 2012 to improperly obstruct Smith). Timeline exception applies only to the benefit of Smith.

   ii. In any court, such right, privilege, or immunity are inclusive only to Smith of the only apprehension available (by Smith) to have been found by Decree that joined Smith with, "Smith cited no misapprehension of law or fact". Opposing Other Parties were properly joined in consolidated apprehension intended by Smith for their standing as public agency (or surrogate thereof) engaged

towards the "support, services, or accommodation" necessary to the inclusive educational opportunity denied improperly yet necessary to JMS and the opportunity denied improperly for participation in decisions by Jeffrey or denied his spouse Melissa, for which they improperly changed the status quo without a burden of proof in hearing admissible of evidence for substantive determination for FAPE properly apprehended by Smith yet he was denied due process. Opposing Other Parties never made apprehension disclosures compliant with the Rule of Law.

1. In matters with the City of Cincinnati et al, City notices have never attained apprehension. Smith made good faith reports of objection to the Court of Appeals while mandate resided therein – such are not reviewable prior to November 1, 2012 by the Court of Appeals. Improper responses by the City to Smith's prior apprehension of the City in the District Court are not misapprehensions as they were cited by Smith prior to the Decree. Guidance of the November 1, 2012 Decree must be limited to apprehensions existing and thus apply only to joining as proper the apprehensions by Smith.

2. Municipal Judge Russel Mock on March 12, 2013 found the City had not attained jurisdiction for an arraignment on any charge and further Municipal Court proceedings would constitute a Fifth Amendment violation of Smith as the same matters of City notice were already the subject of apprehension of the City by Smith in Federal Action held separate by the Court over objection by Smith. The parallel trial sought by the City violated Smith irreparably including the harassment and slander of spouse Melissa Smith.

3. Reference the dockets including attachments to Smith's notices including the motion to summary judgment on September 5, 2012 and prior 2011 notices served to each of the Opposing Other Parties.

b. Necessary were the limits and duty unmet by frivolous acts of the District Court in delay including for unnecessary and extended periods of time in delays when there was no judicial discretion available to the Court for them with conditions of due process improperly to be unmet or improperly to remain unmet, or for any delay whatsoever understood by all to be irreparable harm to Smith.

c. Decree of November 1, 2012 substantively withdrew the prior Order of October 30, 2012 and the prior August 10, 2012 Order by review because for the Court of Appeals, to have merely added findings on November 1, 2012, would not have rendered the necessary outcome of due process opportunity remaining for Smith heretofore improperly unavailable. As implemented by the Court of Appeals review, the November 1, 2012 Decree was substantive reversal of all non compliance limitation on Smith

by finding joining only Smith in entirety citing no misapprehension while Smith was the only party apprehending. The significance of the November 1, 2012 Order was also to supersede inadequate de novo review with the necessary review to bring opportunity to Smith while by joining only Smith upon November 1, 2012 review intending compliance necessary as cited by Smith was to maintain the avenue to due process by trial challenge yet to be the forum of challenge appropriate, bringing full compliance to the Court of Appeals only upon such trial necessary to occur in the District Court. Such motion by Smith occurred on November 10, 2012. Its subsequent denial placed all Opposing Other Parties, the District Court, and also the Court of Appeals out of compliance. All Opposing Other Parties knew or should have known that any order of dismissal or denial with or without prejudice necessarily stood abandoned by the Court finding on November 1, 2012 and would be a violation thereafter. Those "findings" of the Decree became unchallengeable now by the Opposing Other Parties by Smith's notice then of timeline expiration. Proper notices served were docketed by Smith. Absent trial, those "findings" joined as fact and law became substantive grounds necessary for the judgment now wholly in favor of Smith.

d.  The Court of Appeals with mandate allowed Smith a motion to trial. Smith received no served objection, yet Judge Dlott allowed 51 days response time to the Opposing Other Parties awaiting a withdrawal of the Opposing Other Parties of their Motions to Dismiss. Judge Spiegel allowed 91 days awaiting a withdrawal of the Opposing Other Parties of their Motions to Dismiss and thus to allow a trial. Necessary, but no such withdrawal was served to Smith, denying only Smith of due process.

e.  By lack of entry opposing by the Court of Appeals while matters were still on their mandate they had access up to and including November 13, 2012. The Court of Appeals irrefutably intended not to preclude a trial and thereby to also clearly supersede earlier review by the November 1, 2012 finding joining Smith in proper apprehension - neither to be found as concluded neither deficient nor frivolous of Smith. By example withdrawal of October 30, 2012 Order by the Court of Appeals it was known or should have been known to all counsel of Opposing Other Parties that they had to exercise their intent by explicit withdrawal of their motions obstructing trial in recognition of Smith's discretion expressed in served prior notice by objection, else knew their violations would be responsible for this appeal and reasonable to appeal by Smith if with judgment as outcome only favoring Smith proper and the final determination finding judgments wholly in favor of Smith, to also be proper.

f.  The Court of Appeals on November 1, 2012 failed to include paper copy of referenced Fed. R. App. P. 40(a) making it impossible for Smith to be informed within my privilege[15], to become impossible to object, or

---

[15] State of Ohio Rule 3301-51-05(J) is privilege to not elect to receive notices by electronic communication. Within discretion allowed, Smith has never elected any alternative to paper service and electronic mail or

impossible to appeal and thus cannot now be interpreted in any way except to benefit Smith in non-dispositive maintenance of my right to due process. Such violation precludes action against Smith.

VIII. Memorandum in Support - The procedures mandated to the District Court were improperly applied:

a. Motion to Disclose the Dockets were provided to the Court of Appeals on cause of violation making procedural questions available for review.

b. Other parties improperly diverted the Court and caused irreparable harm by delay in neglect prohibited in the State of Ohio.

c. Proceeding to trial now is unnecessary frivolous delay. The willful failure to disclose and improper challenge of each of the Opposing Other Parties includes improper City actions that should now precluded any subsequent apprehension of Smith in another improperly remaining charge or claim before any other court claiming jurisdiction. Smith has revealed that and available reformed safeguarded due process procedure joined by multiple federal decrees renders separation of criminal from civil and other segregations of Courts to bring frivolous delays. With disclosure in determination of a burden of proof, there are trivial or non substantive differentiations of process that follows allowing consolidation of Municipal venues with Common Pleas venues as example and the equal protection of Tort Law conditions and precedents should apply to all matters involving property, right, privilege, or immunity making necessary a single process aligned with the Party matters petitioned in prosecution.

d. In matters of the School District et al, there was no claim for which relief can be granted to the School District under Rule 68 or any other basis. The R. Gary Winters Motion was made in malice while there was no finding of the School District prevailing in matters of the District Court, frivolous when filed, and frivolous when improperly granted in error by Judge Dlott on December 31, 2012. Alleged Settlement or General Release dated May 4, 2010 was outside of judicial discretion of IHO Mosbacher to allow during Administrative Due Process Hearings. In any court, such are inclusive of the only apprehension available (by Smith) to have been found by Decree that "Smith cited no misapprehension of law or fact".

e. In matters with the City of Cincinnati, City notices have never attained standing as apprehension. Only an "improper response" characterization can be recognized as was the nature that should properly be attributed to the City action made improperly in the wrong venue with intent to harm Smith. Municipal Judge Russel Mock on March 12, 2013 found the City had not attained jurisdiction for an arraignment on any charge and further Municipal Court proceedings scheduled as "pre trial" would constitute a

---

other electronic information access cannot be presumed. Constitutional freedoms allow discretion for Smith to forgo a non-free service access including reservation of jurisdictions to the People under the Tenth Amendment of the U.S. Constitution. It is not reasonable to provide paper service without attachment of reference to Smith unrepresented by an attorney.

Fifth Amendment violation of Smith as the same matters of City notice are already the subject of federal apprehension of the City by Smith.

IX.   The Other reasons I wish to raise in support of appeal judgment favoring Smith are:

    a.  The matters of Smith's standing before the District Court were never frivolous and now require action by the Court of Appeals necessary on the issue of due process because of frivolous obstructions by the Opposing Other Parties.

    b.  The District Court has made frivolous delay and obstruction to Smith's right, privilege, or immunity including statutory compliance in due process.

    c.  The District Court has exercised undue or improper discretion to make frivolous delays on spurious grounds illegal by statue and joined to be apprehend able by November 1, 2012 decree joining by finding "Smith has not cited any misapprehension of law or fact" then improperly disregarded by the other parties opposing my apprehension of their misconduct that rises to federal "fraud" and state "neglect of a child" in violation as proper cause for Smith to claim relief and protection in permanent injunction.

        i.  The District Court improperly separated matters to dispositive disadvantage of Smith's apprehension of the other parties.

        ii.  The District Court improperly ignored Smith's notices properly served and docketed despite Decree of law providing Smith's discretion.

        iii.  By improper discretion the District Court improperly allowed dispositive omissions by the other parties, failed to correct the docket errors after receipt of the Decree, failed to make notices that are the privilege of Smith, and failed to consider the withheld absence of notices other parties were required to disclose. Absent prior notices or corrections, the Opposing Other Parties lack merit sustainable for not protecting Smith as being with discretion and authority not reserved by the Opposing Other Parties and necessarily reserved to the People as Smith stands under the Tenth Amendment conditions of the U.S. Constitution for changing the status quo or for taking of Smith without due process.

        iv.  Liability of the other parties to Smith is inescapable on cause and subsequent misconduct of the Opposing Other Parties. Joint liability applies to all Opposing Other Parties and now cannot be subjected to judicial discretions, cannot be dismissed or denied, and cannot suffer reduction from Smiths' terms in offer of judgment absent a trial in the District Court.

        v.  Resolution by final determination of the Court of Appeals now is proper, necessary, and provided by Decree and Rule 68 as joined to the Rule of Law on November 1, 2012. Jurisdiction was served to all on September 24, 2012 and there was no compliant objection

docketed and nothing served to Smith by any of the Opposing Other Parties. There was no compliant objection to the September 5, 2012 Motion to Summary Judgment, nor to the October 25, 2012 response ordered improperly by Judge Dlott but for which Smith responded in objection, nor to the November 10, 2012 Motion to Trial served to all Opposing Other Parties by Smith. Judge Dlott lacks discretion to enter a dismissal yet by notice to all, the due process rights have expired for the others and been irrefutably denied improperly to Smith.

X.    This brief cannot be suppressed. Continuance as Smith moved on March 14, 2013 timely was reasonable as the only (of the Court of Appeals) sought by Smith. Denial of Smiths' opportunity would be improper and unnecessary as the only other continuance request was granted in the amount of 30 days to the State of Ohio in 2012 case 11-4317. Consolidation denied by the Clerk is improper but without malice necessary in finding on all information not available to the Clerk. Smith deserves protection and protection became irrefutably necessary after April 2, 2013 when the City failed to move with federal petition to trial on its pendant jurisdiction available as its only option to prosecute Smith including its improper criminal allegations against Smith and failed to withdraw actions improperly still before the Municipal Court found never to attain apprehension of Smith and without jurisdiction to timely trial in the Municipal Court languishing without jurisdiction. Smiths' apprehension of the Opposing Other Parties all, affirms the discretion and notice authority of the individual over improper judicial discretions and the execrating maneuvers improperly evading due process and responsibility of an agency or its surrogates. Risk of discrimination against Smith precludes a retrial or precludes de novo trial order and delay to withheld redress to Smith improper was made irrefutable without trial challenge by the Opposing Other Parties after the November 1, 2012 Decree joined only Smith.

XI.    I seek action of the Court of Appeals to be taken in this case:

a.    This appeal seeks final resolution wholly in favor of Smith on improperly separated matters[16] of which I am the only apprehending party because the other parties were negligent and frivolous. Consequently, malice need not be proven by Smith but rather is the burden improperly abandoned of the Opposing Other Parties before taking of Smith (irrefutably a "change to the status quo"). As the takings in fact joined by the November 1, 2012 Decree was un-appealed by the other parties and by timeline expiration after notice by Smith, such fact and the improper maneuver of law by others as cited by Smith are unchallengeable now. Whether becoming substantive grounds for review or whether due process violation obstructed substantive grounds for review, Smith is eligible for final determination now before the Court of Appeals. Due process rights of

---

[16] The error was by the District Court Clerk and motion for correction entered to all dockets in District Court by Smith were denied by the Court in error or by improper withholding in error of the District Court for determinations necessary.

challenge opportunity for the others in challenge of fact or law expired after the offer of trial or notice of requirement for petition to get a trial was served by Smith on November 10, 2010 to each and all of the Opposing Other Parties represented . Such right to due process for them expired on December 1, 2012 or 21 days later when they failed to join the motion or failed to file a petition of counter claims against Smith.

b.  This appeal seeks reversal of judgment made in error by the District Court on December 31, 2012 in the amount of $41k to the improper benefit of the School District et al because Smith was not negligent or frivolous.

c.  This appeal seeks final resolution wholly against the Indian Hill Exempted Village School District et. Al. on mandate of Case No. 13-3107 with Decree of mandate Case No. 11-4317 governing.

d.  This appeal seeks final resolution wholly against the City of Cincinnati et. Al. on mandate of Case No. 13-3321 with Decree of mandate Case No. 11-4317 governing.

I state under penalty of perjury that the foregoing is true and correct - Executed on this the 10th day of April, 2013 in the 6th Circuit Federal Court of Appeals in Cincinnati Ohio.

Respectfully submitted,

Jeffrey Smith for the Plaintiffs - Appellants

6066 Bayberry Dr. Cincinnati Ohio 45242

Phone:          513 791 5074 or 513 470 0583 cell

**Service by regular mail**

For City of Cincinnati
Thomas Beridon, K.C. Foreman, and Jessica Powell for John P. Curp, City of Cincinnati Solicitor, 801 Plum St. Room 214 Cincinnati Ohio 45202

For Connie Gallagher
Director of Admitting and Utilization Review
Cincinnati Children's Hospital
   W. Stuart Dornette
   Taft, Stettinius & Hollister LLP
   425 Walnut Street, Suite 1800
   Cincinnati, Ohio  45202

Diane C. Goodwyn
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria VA  22313-1450

Alesia M. Brown
Attorney Advisor
Office of Petitions
Mail Stop PETITION
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria VA  22313-1450

For United States Patent and Trademark Office,
now for Diane C. Goodwyn, Commissioner for Patents, and now for Alesia M.
Brown, Attorney Advisor, Office of Petitions

Donettal D. Wiethe
Assistant United States Attorney
Southern District of Ohio
Atrium II
221 E. Fourth Street, Suite 400
Cincinnati, OH  45202

For Mark Levy
   Thomas L. Feher
   3900 Key Center
   127 Public Square
   Cleveland OH  44114-1291